BEFORE THE THIRD DIVISION, MAY 2, 1939

**No. 41193.**—Protests 981052–G, etc., of Renken & Yates Smith Corp. (New York).

Opinion by EVANS, J. It was stipulated that the merchandise consists of harlequin cocktail sticks, stiltonette wafers, celery sandwiches, cheddar sandwiches, and piquant sandwiches the same as those passed upon in *Renken* v. *United States* (C. D. 73). The claim at 20 percent under paragraph 1558 was therefore sustained.

**No. 41194.**—Protest 674252–G of Aeolian Shipping Co. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel and on the authority of Abstract 39667 it was held that an allowance should have been made in the weight of the cheese to compensate for the foreign substance on the outside.

**No. 41195.**—Protest 816232–G of Hermes Importing Co. (New York).

Opinion by KEEFE, J. On the authority of *Locatelli* v. *United States* (T. D. 49302) the protset was sustained.

**No. 41196.**—Protest 919589–G of Joseph Perrelli (New York).

Opinion by KEEFE, J. On the authority of *Locatelli* v. *United States* (T. D. 49302) the protest was sustained.

BEFORE THE SECOND DIVISION, MAY 3, 1939

**No. 41197.**—Protests 525592–G, etc., of Oppenheim & Baruch, Inc. (New York).

Opinion by TILSON, J. It appeared that the merchandise in question was made by the same process as the burnt-out laces involved in *United States* v. *Field* (22 C. C. P. A. 502, T. D. 47495). Certain of the items were held dutiable at 37½ percent under paragraph 919, others at 40 percent under paragraph 923, and some at 45 cents per pound and 65 percent ad valorem under paragraph 1312.